UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| KEVIN ANTONIO GOODE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 16-158-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| J. RAY ORMOND, Warden, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

A discipline hearing officer (DHO) at the United States Penitentiary – McCreary in Pine Knot, Kentucky found that inmate Kevin Goode spit on a correctional officer. [Record No. 1-2 at 2-4] As a result, the DHO sanctioned Goode by requiring him to spend fifteen days in disciplinary segregation and forego telephone privileges for six months. [Record No. 1-2 at 4] Goode appealed the DHO's decision to the Bureau of Prisons' (BOP's) Mid-Atlantic Regional Office, but the Regional Director denied the appeal. [Record No. 1-2 at 13] Goode then appealed that decision to the BOP's Central Office, but he claims he never received a response. [Record Nos. 1-1 at 6; 1-2 at 15]

Following the above administrative proceedings, Goode filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Goode argues that the DHO violated his procedural due process rights by prejudging the outcome of his disciplinary hearing. He claims that the DHO signed and dated his report before the hearing. As a result, Goode

-1-

asks the Court to expunge the DHO's report and order the BOP to transfer him to another prison. [Record No. 1-1 at 11, 13]

Goode's claim cannot be pursued in a habeas action because the sanction he received—time in disciplinary segregation and the loss of telephone privileges—does not affect the validity of his conviction or the duration of his sentence. Instead, the sanctions imposed affect only the conditions of his confinement. "[R]equests for relief turning on circumstances of confinement" are properly brought in a civil rights action rather than a habeas petition. *Muhammed v. Close*, 540 U.S. 749, 750 (2004); *see also Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (recognizing that section 2241 petitions are "a vehicle *not* for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits.") (emphasis added).

In summary, because the DHO's action had no impact on the duration of Goode's confinement, he may not challenge it in a habeas petition. Accordingly, it is hereby

**ORDERED** as follows:

1. Kevin Goode's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This 27th day of April, 2017.



Signed By:
Danny C. Reeves    DCR
United States District Judge